An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN J. BROOKS, II,
Petitioner,
vs.
LEGISLATURE OF THE STATE OF
NEVADA,
Respondent.

No. 62734

**FILED**

MAR 2 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS

This original petition for a writ of mandamus challenges the decision of the Select Committee on the Assembly to place petitioner on administrative leave pending an investigation into his fitness to serve in the Assembly.

Petitioner Steven J. Brooks, II, filed this petition alleging that respondent Legislature of the State of Nevada improperly suspended him from his position in the Assembly pending an investigation into his fitness to serve in violation of the Nevada Constitution. In particular, he contends that based on Powell v. McCormack, 395 U.S. 486 (1969), he may only be removed for failure to meet the constitutional qualifications regarding age, residency, and citizenship. The Legislature has filed a comprehensive answer, asserting, among other things, that as a threshold matter Assemblyperson Brooks has named the wrong party as respondent in this action. Secretary of State v. Nevada State Legislature, 120 Nev. 456, 462-63, 93 P.3d 746, 750 (2004). Assemblyperson Brooks has not filed a reply, and the time deadline for doing so has passed. The failure to respond to a point properly raised by an appellate opponent can, in a proper case, amount to a confession of error. Cf. Polk v. State, 126 Nev. ___, ___, 233 P.3d 357, 359-60 (2010).

13-09303

Assemblyperson Brooks appears to have been placed on administrative leave pursuant to Article 4, Section 6 of the Nevada Constitution. Under this provision, the authority to determine the rules of proceedings and to discipline or expel members is vested in "Each House" of the Legislature, i.e., the Assembly and the Senate. Nev. Const. art. 4, § 6. As such, the Legislature as a whole has no authority with regard to the suspension of Assemblyperson Brooks pending an investigation into the propriety of disciplining or expelling him, and thus, the Legislature is not the proper respondent in this action. See Secretary of State 120 Nev. at 462-63, 93 P.3d at 750.

Mandamus issues to direct a named respondent to take legally required action. NRS 34.160. For the writ to issue, the proper party respondent must be named. Secretary of State 120 Nev. at 462-63, 93 P.3d at 750. Petitioner's failure to name the correct respondent is a defect that, with no response by petitioner to suggest a basis to distinguish our existing caselaw, requires denial of the writ. See id.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.          _____, J.
Gibbons                       Hardesty

_____, J.          _____, J.
Parraguirre                   Douglas

_____, J.          _____, J.
Cherry                        Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Law Offices of Mitchell Posin, Chtd.
        Legislative Counsel Bureau Legal Division, Brenda J. Erdoes